86 So.2d 513

**RABB & RAINEY IRON WORKS, a Commercial Partnership composed of Louis Rabb and Charles L. Rainey, Sr.,**

v.

**Randolph A. LE BLANC, d/b/a St. Mary Iron Works, and Randolph A. LeBlanc, Individually.**

No. 42259.

Feb. 20, 1956.

Rehearing Denied March 26, 1956.

Brumby, Aycock, Horne & Caldwell, Franklin, for defendant-appellant.

Voorhies & Labbé, Lafayette, for plaintiff-appellee.

PONDER, Justice.

In this suit the plaintiff is seeking to recover $10,000 it had paid on an alleged contract for the purchase of structural steel which plaintiff alleges has never been delivered to it by the defendant. The defendant has denied the existence of the contract and admitted the receipt of the $10,000 but alleges that the amount was credited to the account of LeBlanc Corporation, hereinafter referred to as the Hadacol Company, in accordance with an agreement with an agent of that corporation to purchase the steel. Upon trial on the merits of the case, the trial judge gave judgment ordering the defendant to return the $10,000 to the plaintiff and sustained an objection of the plaintiff to the introduction of evidence offered to prove that the contract was with the Hadacol Company on the ground that this question was not specially pleaded. The defendant has appealed.

The defendant takes the position that the district court was in error in holding that the contract was between the plaintiff and the defendant and in sustaining the objection to the introduction of evidence for the purpose of showing that the contract was with the Hadacol Company.

It appears that the plaintiff was engaged in the construction of a steel warehouse at Lafayette under a contract with the Hadacol Company wherein the plaintiff was to furnish all the materials necessary. At the time this building was being constructed, steel was under government allocation and the parties were unable to obtain new structural steel and it, therefore, became necessary to secure second-hand or used structural steel for the construction of the building. The plaintiff negotiated with the defendant with the view of securing the necessary steel required. A representative of the defendant and a representative of the Hadacol Company met at the plaintiff's place of business in New Orleans and, after some discussion, they arrived at the conclusion that the representative of the defendant and the representative of the Hadacol Company would go to Chicago and inspect some second-hand steel which was available to determine if it could be used. Pursuant to the agreement, an instrument was typed by the representative of the defendant and

signed by the parties named therein and sent to the defendant with an enclosed check for $10,000. The instrument reads as follows:

"Rabb & Rainey Iron Works
Structural, Welding, Fabricating and Erecting Ornamental Iron
936 Jefferson Highway
New Orleans 21, La.

April 18, 1951

"St. Mary Iron Works
Franklin, La.
"Gentlemen:

"We are enclosing a Check in the amount of $10,000 to apply on the purchase of necessary steel for the floor beams for the Hadacol building

"The balance of the price to be paid when notified that material has been purchased.

"Rabb & Rainey

By———————————

"P.S. It is understood that any raise in price over the present market price is to be to the account of The Hadacol Co.

"This is with the authorization of L. J. Dugas

"Signed by s/ L. J. Dugas"

It was agreed at this conference that the representative of the defendant would call the plaintiff from Chicago and inform it as to the condition of the steel and if it was adaptable to use. The defendant admits receiving the letter and the check and further admits cashing the check. After the steel was inspected, the representative of the defendant purchased the steel and arranged for it to be shipped to the plaintiff at New Orleans but he did not inform the plaintiff that he had purchased the steel. The representative of the Hadacol Company called Senator Dudley LeBlanc by telephone and, in pursuance to the conversation, the defendant received a check from the Hadacol Company in the amount of $13,800. On the morning that the defendant received the check, the representative of the Hadacol Company appeared at the office of the defendant and, at the instance of this representative, the defendant cashed the check and gave the representative $8,500 in cash and the defendant retained the balance which it claimed represented the amount due under the contract. Thereafter payment was stopped by the Hadacol Company on the $13,800 check and the defendant had the shipment of steel diverted to their place of business in Franklin, Louisiana. The plaintiff never received any of the steel

and it is admitted by the defendant that it has since been sold at a considerable profit.

The letter of April 18, 1951, heretofore copied in extenso, is undoubtedly a binding contract between the plaintiff and the defendant and it was the obligation of the defendant to deliver the steel to the plaintiff which it has failed to do. When the seller fails to deliver the property sold, the buyer is entitled to an action for the return of the purchase price. It is provided in Article 2485, LSA–C.C., as follows, viz.: "If the seller fails to make the delivery at the time agreed on between the parties, the buyer will be at liberty to demand, either a canceling of the sale, or to be put into possession, if the delay is occasioned only by the deed of the seller."

As to the admissibility of the evidence, as to whether or not there was a contract with the Hadacol Company, it appears that the Hadacol Company is not a party to this suit and even though we were to consider this evidence it does not disprove the contract between the plaintiff and the defendant heretofore referred to.

For the reasons assigned, the judgment is affirmed at appellant's cost.